O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN PRINCE, | Case No. CV 11-9576-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Stephen David Prince seeks judicial review of the Commissioner's denial of his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons discussed below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I. BACKGROUND**

Plaintiff was born on January 13, 1956. (Administrative Record ("AR") at 14.) He has work experience as a detailer, firefighter, maintenance worker, roustabout, construction laborer, carpet cleaner, mechanical technician, and auto body repairer. (AR at 47.)

Plaintiff filed his applications for benefits on January 13, 2009, alleging disability beginning November 10, 2007, due to an injured left shoulder and arthritis in the neck and spine. (AR at 10, 56.) The Social Security Administration denied Plaintiff's applications initially on June 15, 2009, and upon reconsideration on October 1, 2009. (AR at 10.)

A video-conferenced administrative hearing was held before Administrative Law Judge ("ALJ") Dale A. Garwal on December 10, 2010. (AR at 10.) Plaintiff, who was represented by counsel, testified at the hearing, as did a vocational expert ("VE"). (AR at 10.) On January 7, 2011, the ALJ issued a decision denying Plaintiff's application. (AR at 10-15.) The ALJ determined that although Plaintiff suffers from "chronic degenerative disc disease" and "cervical spine with radiculopathy," he has the residual functional capacity ("RFC") to perform a limited range of light work activity. (AR at 13.) Specially, the ALJ found that Plaintiff can: "sit 6 hours of an 8 hour day; stand 6 hours of an 8 hour day; lift 10 pounds frequently, 20 pounds occasionally; occasionally bend or stoop; and occasionally use dominant left upper extremity to perform overhead work." (AR at 13.) The ALJ found that while Plaintiff is unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform. (AR at 14.) The Appeals Council denied review on September 17, 2011. (AR at 1.)

Plaintiff commenced this action for judicial review, and the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues on July 11, 2012. Plaintiff contends that the ALJ erred in five respects: (1) he improperly rejected the opinion of

2

Plaintiff's treating physician; (2) his RFC finding is not supported by substantial evidence; (3) he improperly assessed Plaintiff's credibility; (4) he failed to properly develop the record by pursuing all relevant evidence; and (5) he failed to properly inquire into conflicts between the VE's testimony and the Dictionary of Occupational Titles (the "DOT"). (AR at 3-4.) Plaintiff seeks remand for the payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stip. at 40-41.) Defendant requests that the ALJ's decision be affirmed or, if the Court finds that the ALJ committed reversible error, that the Court remand for further administrative proceedings. (Joint Stip. at 41.)

## II.  **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that

supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. DISCUSSION

### A. The ALJ Failed to Give Appropriate Weight to the Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ improperly rejected the work-related limitations assessed by Bala Bhat, M.D., Plaintiff's treating physician, in finding that Plaintiff was not disabled. (Joint Stip. at 4-8). Dr. Bhat saw Plaintiff nine times between January 3, 2008 and July 23, 2010, mostly for his neck and left shoulder pain (AR at 187-217). Dr. Bhat found that Plaintiff would be unable to do even light or sedentary work, including watching video screen monitors, as turning his neck and prolonged flexion and extension positions cause him severe pain. (AR at 271.) He also found that Plaintiff would only be able to stand/walk for up to two hours, and to sit between two and four hours, in an eight hour workday. (AR at 248.) He noted that Plaintiff is on chronic pain medications that are only of very little help to him. (AR at 271.)

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an

4

individual, than the opinion of a non-treating professional. *See id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). Similarly, more weight is generally given to the opinion of a source who has examined the patient than someone who has not done so. 20 CFR § 404.1527(d)(1).

The Commissioner must also consider whether a medical opinion is supported by clinical findings and is contradicted by other medical evidence in the record. The Commissioner may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831. A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. *Lester*, 81 F.3d at 830. If a treating professional's opinion is contradicted by an examining professional's opinion, which is supported by different independent clinical findings, the Commissioner may resolve the conflict by relying on the latter. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (ALJ may reject opinion of treating physician in favor of examining physician whose opinion rests on independent clinical findings).

The ALJ rejected Dr. Bhat's opinion as to Plaintiff's limitations, but failed to state adequate reasons for doing so. (AR at 14.) First, the ALJ stated that the "extreme limitations" found by Dr. Bhat are not supported by the treatment records. In doing so, the ALJ noted that "there is no evidence of herniation, nerve compression or severe stenosis," and that Plaintiff "has not had

surgery or injections." (AR at 13.) On the contrary, the medical record does contain such evidence. An MRI taken on February 4, 2009, showed that Plaintiff suffers from severe and moderate stenosis in several places on his spine. (AR at 179-80.) Additionally, Dr. Bhat states in a December 6, 2010 letter that Plaintiff was receiving pain injections from a pain specialist. (AR at 271.) Moreover, the treatment records reflect that Plaintiff consistently had complaints of neck pain and was repeatedly prescribed strong pain medications. (AR at 187-217.) In light of this evidence, the ALJ's rejection of Dr. Bhat's findings is not supported by substantial evidence.

The ALJ's second reason for rejecting Dr. Bhat's opinion, that Plaintiff "only had minimal treatment over the years," is not substantially supported either because there was significant evidence that Plaintiff could not afford to see a medical provider more frequently. *See Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007) ("'[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds'") (quoting *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)); *Smolen,* 80 F.3d 1273 at 184. Plaintiff testified that he did not have insurance coverage for therapy, (AR at 36-38), and there was additional evidence that he could not afford surgery or other procedures apparently discussed with Dr. Bhat. (AR at 189, 198.) Given that Plaintiff saw Dr. Bhat multiple times over a two-and-a-half year period and could not afford more extensive treatment, it was error for the ALJ to rely on the lack of additional treatment as a reason for rejecting Dr. Bhat's opinion.
//

Third, the ALJ found that Dr. Bhat's opinion that Plaintiff "would be unable to perform a job that required watching a video screen" was not credible "in light of [Plainitiff's] testimony that this daily activities include watching television." (AR at 14.) The ALJ's RFC rejected not only Dr. Bhat's opinion regarding Plaintiff's capacity to watch video screens, but also his opinion as to plaintiff's ability to lift weight and sit and stand throughout a workday. (AR at 13, 258.)

Plaintiff's ability to watch TV does not appear to have a bearing on these other aspects of Dr. Bhat's opinion, and thus does not constitute a legitimate reason for rejecting them. Furthermore, Plaintiff clarified in his testimony that he reclines while he is seated at home, rather than maintaining an upright seated position. (AR at 40-43.) Dr. Bhat's opinion that Plaintiff would be unable to do work involving watching video screen monitors, a task presumably performed while sitting upright, because of his inability to turn his neck or maintain certain positions is not inconsistent with Plaintiff's testimony that he watches TV from a reclining position.

Finally, the ALJ rejected Dr. Bhat's opinion because Dr. Bhat is not an orthopedic or pain management specialist, but rather an internist, who is trained in the prevention and treatment of adult diseases. (AR at 14.) Examining physician Dale H. Van Kirk, MD, whose findings were specifically adopted by the ALJ, is a board certified orthopedist.[1] (AR at 184-85.)

---

[1] Dr. Van Kirk found that Plaintiff could stand or walk 6 hours out of an 8-hour day, if allowed to sit 5-10 minutes every hour, had no limitations in sitting, and could frequently lift 25 pounds and occasionally 50 pounds. (AR 184.)

7

The regulations provide that generally more weight is given to the opinion of a specialist on medical issues related to his or her area of specialty. 20 CFR § 404.1527(c)(2)(ii)(5). *Holohan v. Massanari*, 246 F.3d 1195, 1202-03, n. 2 (9th Cir. 2001) (a treating physician's opinion may be entitled to little weight "on a matter not related to his or her area of specialization."). The regulations do not specify, however, how to resolve the tension between the rule giving deference to specialists and the rule regarding giving greater weight to the opinion of a treating physician over examining or consulting physicians. *See generally* 20 CFR § 404.1527(c); *see also Yang v. Barnhart,* No. 04-958, 2006 WL 3694857 at *3 (C.D. Cal. Dec. 12, 2006) (noting that "we have two competing rules in play"). In at least one decision, the Ninth Circuit has found that it was improper for the ALJ to have based his rejection of the treating physician's opinion on the ground that he was not a specialist in the area for which he treated plaintiff. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996). Here, Dr. Bhat's training as an internist encompasses the ability to generally diagnose and treat adult disease, and therefore his practice is not wholly unrelated to Plaintiff's type of injury. Given this fact and the ambiguity regarding the weight properly accorded to treating physicians as compared to specialists, the Court finds that Dr. Bhat's lack of certification in orthopedics does not on its own constitute a specific and legitimate reason for rejecting his opinion. As the other three reasons provided by the ALJ for rejecting Dr. Bhat's opinion are not supported by substantial evidence, the ALJ has failed to state adequate reasons for rejecting Dr. Bhat's opinion.

**B. The ALJ Improperly Evaluated Plaintiff's Credibility**

Plaintiff contends that the ALJ failed to properly evaluate his credibility. At the hearing, Plaintiff testified that he sits and reclines most of the day, that his neck and shoulder ache constantly and his neck pain has been getting worse, that he has severe headaches on a daily basis that last from 8 to 12 hours, and that medicine does not significantly relieve his pain. (AR at 36-48.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to symptoms are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186

at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

When there is no affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (AR at 20.) However, the ALJ rejected Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" to the extent they are inconsistent with the RFC allowing for the performance of a limited

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

10

range of light work activity. (AR at 13.) As there was no evidence of malingering, the ALJ was required to provide clear and convincing reasons for rejecting Plaintiff's testimony.

The ALJ provided two reasons for rejecting this testimony. First, he found that Plaintiff had received only conservative treatment. Specifically, he noted that: (1) Plaintiff had not had surgery or injections or seen specialists; (2) there was no evidence of herniation, nerve compression or severe stenosis; and (3) had doctor visits only every couple of months for medication refills, without any emergency room or urgent care visits. "[A]n unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of good reasons for not doing so applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (internal citations and quotation marks omitted). One such "good reason" for failing to seek treatment is the inability to afford it. *Id.* As discussed above, there was evidence here that although surgery and other options were discussed with his treating physician Dr. Bhat, Plaintiff could not afford this additional treatment. (AR at 36-38, 189, 198.) Furthermore, as also addressed above, there is objective evidence in the record showing that Plaintiff does suffer from severe stenosis and has had injections. (AR at 179-80, 271.) Accordingly, the ALJ's reliance on this reason for his adverse credibility finding was improper.

Next, the ALJ discredited Plaintiff's symptom testimony based on his daily activities. A disability claimant's daily activities "may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits

11

involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (internal quotation marks omitted). Here, the ALJ noted that Plaintiff had testified that he "sits most of the day, vacuums, goes grocery shopping, watches television, and cooks a little." (AR at 13.) These limited activities, however, are not inconsistent with Plaintiff's testimony regarding his abilities. Furthermore, the record clarifies that these activities are done on a limited basis and while in pain. Plaintiff testified that most of the time he is sitting, it is in a reclining position, and that he experiences constant discomfort in his neck. (AR at 41, 43.) Additionally, Plaintiff testified that he vacuums only occasionally. (AR at 39.) When he does perform an activity such as vacuuming or cooking, he "pay[s] for it" and needs to rest immediately following it. (AR at 39, 44.) In short, the fact that Plaintiff is not "utterly incapacitated" does not prevent a finding of disability nor render his testimony not credible. *See Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (One does not need to be "utterly incapacitated" in order to be disabled).

**IV. <u>CONCLUSION</u>**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this case, remand for a new hearing is appropriate to properly consider the opinions of Dr. Bhat and

Plaintiff's testimony, and to fully develop the record.[3]

Accordingly, the decision of the Commissioner is reversed; and this action is remanded for further proceedings consistent with this opinion and order.

Dated: August 1, 2012

_____
Marc L. Goldman
United States Magistrate Judge

---

[3] As the Court has elected to remand this case based on the two legal errosr discussed above, the other three claims of error will not be addressed.

13