O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN PRINCE, | ) | Case No. CV 11-9576-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | GRANTING PLAINTIFF'S MOTION |
| v. | ) | FOR EAJA ATTORNEY FEES |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On August 1, 2012, the Court entered an Opinion and Order reversing the Commissioner's decision denying Plaintiff's applications for Social Security Disability Insurance and Supplemental Security Income benefits, and remanded the case for further administrative proceedings. On October 2, 2012, Plaintiff filed a motion for award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et. seq.*

Plaintiff seeks an award in a total amount of $5,636.57, which consists of the following: (1) $505.65 for work on the merits of the case in 2011, which represents 2.8 hours of attorney time at $180.59 per hour; (2) $4660.74 for work on the merits of the case in 2012, which represents 25.2 hours of attorney time at $184.95 per hour; and (3)

$520.18 for preparation of the reply memorandum, which represents 2.8 hours of attorney time at a rate of $185.78 per hour. The total number of hours for which Plaintiff is seeking attorney fees is 30.8.

The Commissioner opposes Plaintiff's application for attorney fees, arguing that the government's position was "substantially justified,", precluding any award of fees. 28 U.S.C. § 2412(d)(1)(A). Alternatively, the Commissioner argues that the number of hours expended are excessive and requests that the Court reduce the number of hours. (Def.'s Opp. at 1.)

Having considered the motion for attorney fees, the Commissioner's opposition, and the reply, as well as the records and pleadings, the Court finds that the remand of Plaintiff's claim for a new administrative hearing constitutes a favorable decision and that the Commissioner's position was not "substantially justified." Accordingly, Plaintiff is entitled to an award of reasonable attorney fees. In addition, the Court concludes that the number of hours for which counsel seeks reimbursement is reasonable, and therefore the Court declines to reduce the number of hours sought by counsel.

**II.  Discussion**

**A.  Plaintiff Is Entitled to Attorney Fees As the Prevailing Party Because the Government's Position Was Not Substantially Justified**

The EAJA provides that a court may award reasonable attorney fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Lewis v.*

2

*Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). A position is "substantially justified" if it has a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 565. The government has the burden of proving its positions were substantially justified. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988.)

Here, judgment was entered in favor of Plaintiff, remanding the case for further administrative proceedings because the Administrative Law Judge ("ALJ") erred by failing to give appropriate weight to the opinion of Plaintiff's treating physician and by failing to provide legally sufficient reasons for finding Plaintiff not fully credible.

The Court found that the ALJ's reasons for failing to accord controlling weight to the opinion of Plaintiff's treating physician, Dr. Bhat, were unsupported by the record: (1) contrary to the ALJ's contention, there were medical records showing that Plaintiff did in fact have severe spinal stenosis and had received injections for pain; (2) Plaintiff's history of relatively conservative treatment was based upon his inability to pay for more aggressive treatment; (3) Plaintiff's ability to watch television in a reclining position did not undermine Dr. Bhat's finding that Plaintiff could not perform a job that required watching a video screen; and (4) the fact that Dr. Bhat was an internist, rather than an orthopaedic specialist, did not, without more, constitute a reason for rejecting a treating physician's opinion. The

3

Commissioner argued that these were sufficient reasons for rejecting Dr. Bhat's opinion, a position which is not "substantially justified." *Flores*, 49 F.3d at 570.

The Court also found that the ALJ's reasons for rejecting Plaintiff's subjective pain and symptom testimony, that Plaintiff had received only conservative treatment and that his activities of daily living were incompatible with a finding of disability, were not supported by substantial evidence in the record. As noted above, Plaintiff did receive injections for pain but was unable to afford more extensive treatment, which has been found to be a good reason for failure to seek treatment. The Court also noted that Plaintiff's limited ability to do certain household tasks, which often caused him considerable pain afterward, was an insufficient reason to discredit his testimony. The Commissioner contended that these were sufficient reasons to discredit Plaintiff's subjective testimony, a position which again was not "substantially justified" under the facts of the case or well settled law. *Id.* Accordingly, Plaintiff is entitled to an award of EAJA fees.

**B.   The Hours Claimed by Plaintiff Are Reasonable**

Defendant contends that the amount of time Plaintiff's counsel claims that he spent on the case is excessive and requests that the fees be reduced. (Def.'s Opp. at 6.) This Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The court should exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining reasonableness, the court must consider, among other factors, the complexity of the case or

4

the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience.[1] *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). In reducing a fee award, the court must provide a reasonable explanation of how it arrived at the number of compensable hours in determining the appropriate fee. *Sorenson*, 239 F.3d at 1145; *Hensley*, 461 U.S. at 437.

The amount of time required to litigate any case can be highly variable and is the subject of much debate. The Ninth Circuit recently clarified that "it is [ ] an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. August 24, 2012). Further, the court questioned "the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." Id. Rather, the inquiry into the reasonableness of a fee request must be based on the facts of each case. *Hensley*, 461 U.S. at 429.

The Court must generally give deference to the "winning lawyer's judgment as to how much time he was required to spend on the case," particularly in contingency fee cases, such as this one. *Costa*, 690 F.3d at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (noting that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their

---

[1]   Of the 12 factors used to evaluate attorney-fee claims, the articulated factors relate to the reasonableness of the time expended.

fees" because "[t]he payoff is too uncertain")). Here, after reviewing the time records Plaintiff's counsel submitted and the pleadings in this matter, the Court finds that the requested time, 30.8 hours total, is reasonable. The hours requested for each task, primarily in drafting the briefs and reviewing the record, appear reasonable and supported by sufficiently detailed billing records.

## III. Conclusion

Plaintiff's motion for EAJA fees is hereby GRANTED. It is ordered that Plaintiff's counsel be awarded fees in the amount of $5,636.57.

DATED: November 2, 2012

_____
Marc L. Goldman
United States Magistrate Judge

6